IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



FILED
MAY 31 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
JUN 1 2003

| | | |
|---|---|---|
| **RODNEY CORBETT,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action Number |
| | ) | CV-02-C-728-S |
| **UNITED STATES OF AMERICA,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

In this "slip and fall" case, Defendant United States of America has moved for summary judgment. Based on the undisputed facts which follow, the Defendant is entitled to judgment as a matter of law.

### A. The Undisputed Facts

1. In the late afternoon (approximately 4:45 P.M.) of June 22, 2001, Plaintiff Rodney Corbett traveled to the Woodlawn Post Office in Birmingham, Alabama at 4:45 P.M. to mail a package.

2. June 21, 2001 was a sunny, dry day.

3. When Plaintiff entered the lobby of the Post Office, he took two steps on the door mat. At his third step, he slipped and fell to the floor on his back.

4. Plaintiff does not know what caused him to fall. He does not know if the floor was wet.

5. When Plaintiff arose from the floor, he reported his fall to the clerk at the counter.

Later that evening, Plaintiff was treated at a local hospital for pain.

6. On June 23, Plaintiff reported his injury to the supervisor on duty at the Woodlawn Post Office and completed a claims report.

7. The Post Office custodian, Gregory Johnson, was responsible for mopping and cleaning up the floor. On the early morning of June 22, before 6:00 A.M., Johnson mopped the floor and placed "wet floor" signs in the lobby. He returned at 6:30 a.m. to retrieve his "wet floor" signs. He did not return the lobby that day. He left the Post Office at 12:05 P.M.

8. No one reported any spills or foreign substances on the lobby floor of the Woodlawn Post Office on June 22, 2001; and no one has subsequently reported that there were foreign substances on the floor or that the floor was wet or slippery on June 22.

9. Plaintiff's injury resulted in the loss of his job. Back surgery is indicated.

10. Plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*

## B. Conclusions of Law

1. This Court has jurisdiction of this action under the Tort Claims Act.

2. Plaintiff has failed to adduce substantial evidence that his injury was proximately caused by the United States Postal Service or one of its employees.

3. Plaintiff has failed to adduce substantial evidence that a) there was a foreign substance on the lobby floor, or that the floor was wet, b) that the Postal Service had actual notice of a foreign substance on the lobby floor or that the lobby floor was wet, or c) that the foreign substance or water had been on the lobby floor for a length of time sufficient to impose constructive notice, and d) that the Postal Service was delinquent in not discovering and removing the water or foreign substance. *Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463, 464 (Ala.1992) (quoting Maddox v.

K-Mart Corp., 565 So. 2d 14, 16 (Ala. 1990)); *Nelson v. Delchamps, Inc.,* 699 So. 2d 1259, 1261 (Ala. Civ. App. 1997).

    4. Defendant is entitled to judgment as a matter of law.

    Based on these Findings and Conclusions, Defendant United States of America's Motion for Summary Judgment will be granted by separate order.

    Done this 31st day of May 2003.

_____<br>
Chief United States District Judge<br>
U.W. Clemon